IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

RICHARD NUNES,
        Petitioner,

vs.                                  5:08cv147/MCR/MD

MICHAEL MUKASEY,
        Respondent.

ORDER and
REPORT AND RECOMMENDATION

      This case is before the court upon a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 (doc. 1) and a motion to proceed *in forma pauperis* (doc. 2).  For purposes of this recommendation, leave to so proceed shall be granted.

      Petitioner pleaded guilty in the United States District Court for the Northern District of Florida to violation of 18 U.S.C. § 111(a) and (b) and was sentenced to a term of 165 months imprisonment.  Case 5:04cr7/MCR.  He appealed, and his sentence was vacated and remanded for resentencing in light of the Supreme Court's decision in *Booker*.[1]  He was sentenced to a term of 151 months imprisonment and did not appeal.  (Doc. 62).  He filed a motion to vacate, correct or set aside his sentence pursuant to 28 U.S.C. § 2255 which was denied without a hearing on October 1, 2007.  (Doc. 64, 70, 71, 77, 82 & 83).

      In the instant motion, defendant asks that his conviction be "expunged" and that he be deported to his native Jamaica.  On the § 2241 form, when asked to

---

1  *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

identify grounds for relief, defendant lists four grounds for relief. He states that employees of the Federal Bureau of Prisons are not considered to be federal officers under a recent Supreme Court Ruling, so his conviction should not stand. He claims that his sentence is invalid because he was sentenced under the Sentencing Reform Act of 1984, and that the imposition of supervised release is unconstitutional under *Affronti v. United States,* 350 U.S. 79, 76 S.Ct. 171, 100 L.Ed.62 (1955). Lastly he asserts that he is "legally" innocent of the charged offense because he acted in self defense.[2]

A petition pursuant to title 28 U.S.C. § 2241 is not the proper vehicle for raising the instant challenge. The continuation of an initially valid confinement is generally the sole issue in a §2241 action. See *Chambers v. United States*, 106 F.3d 472, 474-75 (2d Cir.1997) (articulating instances where a federal prisoner may properly file a § 2241 petition). A collateral attack on the validity of a federal conviction and sentence, such as this, is more properly brought under 28 U.S.C. § 2255 in the district of conviction. *United States v. Jordan,* 915 F.2d 622, 629 (11th Cir. 1990), *cert. denied*, 499 U.S. 979, 111 S. Ct. 1629, 113 L.Ed.2d 725 (1991); *McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979); *Hadjuk v. United States*, 764 F.2d 795 (11th Cir. 1985).

Section 2255 provides in pertinent part:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section[3], shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that

---

2 Appended to the motion are what purports to be a "memorandum in support of § 2241" which is actually identical to the memorandum defendant filed in support of his § 2255 motion filed in his criminal case, a 2004 letter and a competency evaluation which petitioner claims provide proof of his mental state and proof of abuse by staff, a copy of the Eleventh Circuit's opinion vacating his original sentence, and a letter he wrote to the court in 2004 seeking to withdraw his plea. None of these submissions support petitioner's claim that relief is warranted under 28 U.S.C. § 2241.

3 Section 2255 authorizes a remedy for a prisoner "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." § 2255; *see also*, *United States v. Brown*, 117 F.3d 471, 475 (11th Cir.1997) (because defendant was in custody, "§ 2255 was his exclusive remedy.")

> such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

*Wofford v. Scott*, 177 F.3d 1236, 1238 (11th Cir. 1999) (quoting § 2255 with added emphasis). The italicized language is known as the "savings clause," and could allow habeas corpus review of a claim barred as successive under § 2255, but only in limited circumstances.

> The savings clause of § 2255 applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and, 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

*Wofford*, 177 F.3d 1236, 1244 (11th Cir. 1999); *Flint v. Jordan*, 514 F.3d 1165, 1167 (11th Cir. 2008); *Darby v. Hawk-Sawyer*, 405 F.3d. 942, 945 (11th Cir. 2005); see also *Reyes-Requena v. United States*, 243 F.3d 893 (5th Cir. 2001); *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001).  To prove an offense is non-existent, a petitioner must show he was imprisoned for conduct that was not prohibited. *Darby, supra, (citing Sawyer v. Holder*, 326 F.3d 1363, 1366 (11th Cir. 2003)).  More is required than demonstrating that there is a procedural barrier to bringing a § 2255 motion.  See, e.g., *In re Davenport*, 147 F.3d 605, 608 (7th Cir. 1998) (noting that it cannot be right and would nullify the AEDPA limitations if a prisoner, prevented from obtaining relief under § 2255, could simply turn to § 2241).

Section 2241 does not provide an additional, alternative or supplemental remedy to 28 U.S.C. §2255 or an additional bite at the proverbial apple, particularly when the identical issues could have been raised in a timely § 2255 motion or on direct appeal.  See, e.g., *Wofford, supra; Triestman v. United States,* 124 F.3d 361, 376 (2nd Cir. 1997); *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996).  The § 2255 remedy is not rendered "inadequate or ineffective" simply because a prior claim

under that section has been denied or disallowed, *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001); *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001), or because petitioner has been denied permission to file a second or successive § 2255 motion, *see Darby,* 405 F.3d at 945; *United States v. Barrett*, 178 F.3d 34, 50 (1st Cir. 1999); *Wofford,* 177 F.3d at 1245; *Davenport,* 147 F.3d at 608, or because a second or successive § 2255 motion has been dismissed, see *Moore v. Reno*, 185 F.3d 1054, 1055 (9th Cir. 1999).  Likewise, the fact that petitioner cannot meet the gate-keeping requirements of the Antiterrorism and Effective Death Penalty Act does not open the door to a § 2241 petition.  *Jiminian v. Nash*, 245 F.3d 144, 147-48 (2nd Cir. 2001); *Charles v. Chandler*, 180 F.3d 753, 758 (6th Cir. 1999).

The claims petitioner attempts to make in the instant motion do not meet the criteria set forth in *Wofford* and the cases cited above.  The only claim warranting any discussion is defendant's first claim, in which he presumably refers to the case of *Ali v. Federal Bureau of* Prisons, 128 S.Ct. 831 (2008).  *Ali* was a claim brought by a federal prisoner pursuant to the Federal Tort Claims Act 28 U.S.C. § 2680, et seq. for loss of property.  Section 2680(c) provides that the wavier of sovereign immunity for torts committed by federal employees does not apply to claims arising from the detention of property by "any officer of customs or excise or any other law enforcement officer."  The petitioner contended that this clause did not affect the waiver of sovereign immunity for his claim against officers of the Federal Bureau of Prisons (BOP).  The Court disagreed, finding that the phrase "any other law enforcement officer" covered all law enforcement officers, so there was no waiver of sovereign immunity, and upheld the dismissal of the petitioner's claim.  128 S.Ct. at 834.  This case has no bearing upon petitioner's situation as it does not establish that he was convicted of a non-existent offense.

Defendant's remaining claims clearly could have been brought either on direct appeal or in the § 2255 motion he filed in his criminal case.  They do not fall within

the parameters of the "savings clause," and he may not seek relief pursuant to 28 U.S.C. § 2241.

Accordingly it is ORDERED:

Petitioner's motion for leave to proceed *in forma pauperis* (doc. 2) is GRANTED for purposes of this recommendation.

And it is respectfully RECOMMENDED:

That petitioner's petition for writ of habeas corpus under § 2241 (doc. 1) be summarily denied.

At Pensacola, Florida this 9th day of May, 2008.

/s/ *Miles Davis*
MILES DAVIS
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.  See 28 U.S.C. § 636;** *United States v. Roberts*, **858 F.2d 698, 701 (11th Cir. 1988).**